IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **CIV** |
| v. | ) ) | **COMPLAINT** |
| MANTANIO, INC., RJM HOPE, INC., NADER, INC., 1921 INC., NEW FEATURES, INC., EVON, INC., THREE BROTHERS MANAGEMENT, INC., FALLS RESTAURANT GROUP, INC., ADI UNSER, INC., AND ADI BROTHERS MANAGEMENT GROUP, INC., | ) ) ) ) ) ) ) ) | **AND** **JURY TRIAL DEMAND** |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex, and to

provide appropriate relief to Charging Party Jami Juarez and a class of female employees

adversely affected by such practices during their employment with Defendants Mantanio, Inc.,

RJM Hope, Inc., Nader, Inc., 1921 Inc., New Features, Inc.,  Evon, Inc., Three Brothers

Management, Inc.,  Falls Restaurant Group, Inc., Adi Unser, Inc., and Adi Brothers Management

Group, Inc.,  (collectively "Defendants").  Plaintiff Equal Employment Opportunity Commission

("EEOC" or "the Commission") alleges that Charging Party Jami Juarez and a class of women

were subjected to sexual harassment while employed at Defendants' IHOP restaurants in

Albuquerque, New Mexico, including, but not limited to, verbal sexual harassment, including

sexual comments and innuendo, and unwelcome physical touching, which created a hostile work

environment because of their sex, female.  The Commission also alleges that some of the women

subjected to sexual harassment were forced to resign their employment due to intolerable

working conditions.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (f)(1) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      At all relevant times, the employment practices alleged to be unlawful were

committed within the jurisdiction of the United States District Court for the District of New

Mexico.

## PARTIES

3.      EEOC is the agency of the United States of America charged with the

administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring

this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendants have been New Mexico corporations

continuously doing business in Albuquerque, New Mexico, and have continuously employed at

least 15 employees.

5.      At all relevant times, Defendants have continuously been and are now employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g), and (h).

6.      At all relevant times, Defendants were an integrated enterprise that employed Jami Juarez and the group of females adversely affected by the alleged unlawful employment practices.

## GENERAL ALLEGATIONS

7.      More than thirty days prior to the institution of this lawsuit, Jami Juarez ("Juarez") filed a charge with the Commission alleging violations of Title VII by Defendants.

8.      Prior to filing this lawsuit the Commission and Defendants engaged in informal efforts of conciliation.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

10.     Defendants are involved in the operation of at least six IHOP restaurants in the City of Albuquerque and the State of New Mexico.

11.     The IHOP restaurants operated by Defendants employ over 300 employees in Albuquerque, New Mexico.

12.     Defendants are owned by Fahim Adi.

13.     Fahim Adi is the Registered Agent for all Defendants' IHOP restaurants.

14.     Defendants operate the Defendants' IHOP restaurants from one central office.

15.     Defendants implement personnel policies and procedures, including a "Harassment Free Work Policy" and a statement regarding Sexual Harassment that are supposed to be used in the operation of all of the Defendants' IHOP restaurants.

16.     The same Harassment Free Work Policy and statement regarding Sexual Harassment allegedly used at the restaurant employing Charging Party Juarez is also allegedly used at all the other Defendants' IHOP restaurants.

17.     The Defendants' Harassment Free Work Policy advises employees to contact the owner and EEO Officer Fahim Adi or EEO Officer Renee Montano.

18.     The Defendants' Sexual Harassment statement advises employees to contact their supervisor or the Director of Operations.

19.     No contact information for the Director of Operations appears on Defendants' Sexual Harassment statement.

20.     Employees who work at one of the IHOP restaurants operated by Defendants can freely transfer to other IHOP restaurants operated by the same Defendants.

21.     All training and human resources services provided to the IHOP restaurants operated by Defendants are coordinated through one central office.

22.     All payroll services, accounts receivable, accounts payable and other accounting functions for each of the IHOP restaurants is performed in the central office by an employee or group of employees hired for the purpose of performing these functions for all IHOP restaurants operated by Defendants.

23.     At all relevant times to this lawsuit, the Defendants employed persons as Assistant Managers and Shift Supervisors with supervisory authority over the hourly employees, including the class of women in this lawsuit.

24.     In the Defendants' organization, Assistant Managers and Shift Supervisors report to the General Manager of their assigned IHOP restaurant.

25.     At all times relevant to this lawsuit, Defendants employed Lee Broadnax ("Broadnax") as a General Manager at several of its IHOP restaurants.

26.     In the Defendants' organization, the General Manager is directly responsible for the day to day operations of an assigned restaurant, including supervision and scheduling of employees.

27.     In the Defendants' organization, General Managers report to a Director of Operations for all Defendants' restaurants.

28.     In the Defendants' organization, a Director of Operations reports to the owner Fahim Adi.

29.     At all relevant times, in the Defendants' organization, a Director(s) of Operations is responsible for overseeing the operations of more than one IHOP restaurant owned by Defendants.

30.     For at least part of the relevant time period, Edward Hafez was the Director of Operations to whom Broadnax reported.

31.     As General Manager, Broadnax was responsible for the daily operations of the IHOP restaurant he was assigned to.

32.     Broadnax had the authority to hire and fire employees.

33.     Broadnax frequently hired teenage girls.

34.     The employees who were supervised by Broadnax performed various work assignments, including wait staff, host or hostess, and kitchen worker.

35.     As General Manager, Broadnax was responsible for distributing the Defendants' employee policies and procedures to new employees.

36.     As General Manager, Broadnax was one of the Defendants' officials responsible for training new employees on the policies and procedures used by Defendants, including Defendants' Harassment Free Work Policy and their Sexual Harassment statement.

37.     Broadnax failed to provide many of the female employees of Defendants a copy of Defendants' policies and procedures, including the Harassment Free Work Policy and Sexual Harassment statement.

38.     Broadnax failed to train many of the female employees on Defendants' policies and procedures, including the Harassment Free Work Policy and Sexual Harassment statement.

39.     Many of the female employees of Defendants did not receive training from Defendants regarding Defendants' Harassment Free Work Policy and Sexual Harassment statement.

40.     Many of the female employees who were sexually harassed by Broadnax did not know and were not advised that there was a process for reporting sexual harassment to Defendants' officials other than Broadnax.

41.     At least three of the female employees sexually harassed by Broadnax were minors between the ages of 16 and 18.

42.     Since at least 2006 and through at least 2010, a group of female employees was sexually harassed by Broadnax.

43.     Examples of conduct which make up the sexual harassment suffered by Charging Party Juarez and the group of aggrieved female employees include, but are not limited to, the conduct alleged in paragraphs 44 through 51 below.

44.     Frequently, Broadnax attempted to kiss Juarez and other women.

45.     Frequently, Broadnax grabbed or touched Juarez and other women in the hips, buttocks or other parts of their bodies.

46.     On a daily basis, Broadnax requested hugs from Juarez and other female employees.

47.     On other frequent occasions, Broadnax licked his lips while staring at Juarez and other women.

48.     On other frequent occasions, Broadnax attempted to button at least one female employee's shirt and touched her near her breasts.

49.     Broadnax made frequent unwelcome sexual comments, sexual jokes, or sexual innuendo to Juarez and other women, including but not limited to, sexually suggestive comments, groaning noises and comments about their lips, eyes, pants, or appearance.

50.     On at least one occasion, Broadnax spoke to a female employee about peeling clothes off her.

51.     Frequently, Broadnax made comments about the breasts of several women.

52.     Broadnax's actions and comments were observed by various female employees at Defendants' IHOP restaurants.

53.     Broadnax's sexual comments and touching were not invited or welcomed by the female employees at Defendants' IHOP restaurants.

54.     Broadnax's sexual comments and touching were offensive to the female employees at Defendants' IHOP restaurants.

55.     Broadnax's inappropriate sexual comments and touching were sufficiently severe or pervasive to alter the working conditions of female employees at Defendants' IHOP restaurants.

56.     Assistant Managers working with Broadnax knew, or in the exercise of reasonable care should have known of the hostile work environment created by Broadnax.

57.     Shift Supervisors working with Broadnax knew, or in the exercise of reasonable care should have known of the hostile work environment created by Broadnax.

58.     The owners of Defendants knew, or in the exercise of reasonable care should have known of the hostile work environment created by Broadnax.

59.     Despite knowledge of the hostile work environment created by Broadnax, Defendants failed to respond in an appropriate manner.

60.     Several female IHOP employees complained to Broadnax about his conduct.

61.     Despite these complaints, Broadnax did not cease his inappropriate and offensive sexual comments and touching.

62.     Several female employees complained to Supervisors at Defendants' IHOP restaurants about Broadnax's behavior.

63.     Several female employees complained to the Director of Operations that preceded Edward Hafez about Broadnax's behavior.

64.     Several female employees complained to Edward Hafez, then Director of Operations about Broadnax's behavior.

65.     At least one female employee complained Fahim Adi about Broadnax's behavior.

66.     Despite these complaints, Defendants did not take any prompt, appropriate, and effective remedial action(s).

67.     Charging Party Juarez filed a Charge of Discrimination with EEOC on September 20, 2007 regarding Broadnax's sexual harassment.

68.     Defendants claim to have conducted an investigation of Broadnax's behavior as alleged by Charging Party Juarez.

69.     After the Juarez' Charge of Discrimination and Defendants' claimed investigation, Broadnax continued to direct sexual comments toward female employees.

70.     After the Juarez' Charge of Discrimination and Defendants' claimed investigation, Broadnax continued to unnecessarily touch female employees in an unwanted and sexual manner.

71.     After complaints were made about Broadnax' behavior, Defendants transferred him among its restaurants in Albuquerque, New Mexico instead of taking immediate preventive or corrective actions.

72.     Because of Broadnax's sexual harassment and Defendants' failure to address Broadnax's sexual harassment,  the working conditions for many female employees at Defendants' IHOP restaurants, including but not limited to Alicia Gray and Rebecca Urias, were intolerable, forcing them to quit.

## FIRST CLAIM FOR RELIEF

[Sexual Harassment/Sexually Hostile Work Environment – 42 U.S.C. § 2000e-2(a)]

73.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

74.     Since at least March, 2007, Defendants discriminated against Charging Party Jami Juarez in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by harassing her and creating a hostile work environment because of her sex.

75.     Since at least July, 2003 through at least 2010, Defendants engaged in a continuing violation by discriminating against a class of female employees in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by harassing them and creating a hostile work environment because of their sex.

76.     The inappropriate and offensive sexual conduct, as alleged in the preceding paragraphs, was uninvited, unwelcome, and sufficiently severe or pervasive to alter the terms and conditions of employment of Jami Juarez and the class of female employees.

77.     Defendants, by and through Broadnax and other supervisors or managers, were aware of the severe or pervasive sexual harassment occurring at Defendants' IHOP restaurants in Albuquerque, New Mexico.

78.     Broadnax was a manager and supervisor of the women he sexually harassed.

79.     Defendants failed to take reasonable measures to prevent sexual harassment.

80.     Defendants failed to take reasonable measures to promptly correct sexual harassment.

81.     As the general manager and supervisor of Defendants' IHOP restaurants, Broadnax behavior subjects Defendants to vicarious liability for supervisory harassment.

82.     The unlawful employment practices described above were intentional.

10

83. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Jami Juarez and a class of female employees.

84. As a result of the events and actions described above, Jami Juarez and the class of aggrieved female employees were deprived of equal employment opportunities, suffered emotional distress, and were otherwise adversely affected because of sex.

## SECOND CLAIM FOR RELIEF

### [Constructive Discharge – 42 U.S.C. §§ 2000e-2(a)]

85. The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

86. Defendants constructively discharged a group of female employees, including but not limited to Alicia Gray and Rebecca Urias, in violation of section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by creating and allowing a work environment permeated with sexual harassment.

87. The working conditions created by the unlawful actions alleged in the preceding paragraphs became so intolerable that a reasonable person would not have continued to subject herself to those conditions.

88. Defendants knew or should have known about the sexual harassment and hostile work environment that existed at Defendants' IHOP restaurants managed by Broadnax.

89. Defendants failed to take reasonable measures to prevent and promptly correct the sexual harassment and hostile work environment at Defendants' IHOP restaurants managed by Broadnax.

90.     At least one member of management at Defendants' IHOP restaurants was directly responsible for the harassment and the creation of a hostile environment for women.

91.     The unlawful employment practices described above were intentional.

92.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of a group of female employees.

93.     As a result of the events and actions described above, the aggrieved female employees lost wages and benefits, were deprived of equal employment opportunities, suffered and are suffering emotional distress, and were and are otherwise adversely affected because of sex.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, from engaging in harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of their past and present unlawful employment practices, including sex discrimination.

C.     Order Defendants to make whole the aggrieved female employees by providing appropriate back pay and benefits with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of Defendants' unlawful

employment practices, including, but not limited to, reinstatement and/or front pay in lieu of reinstatement.

D.      Order Defendants to make whole Jami Juarez and the aggrieved female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, medical expenses, and other pecuniary losses in amounts to be determined at trial.

E.      Order Defendants to make whole Jami Juarez and the aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

F.      Order Defendants to pay Jami Juarez and the aggrieved female employees punitive damages for Defendants' malicious and/or reckless conduct described above, in amounts to be determined at trial.

G.      Grant such other and further relief as the Court deems just, necessary, equitable, and proper in the public interest.

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.


DATED September 27, 2011.

Respectfully submitted,

PATRICK D. LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C.  20507

*/s/ Medina for Mary Jo O'Neill*
MARY JO O'NEILL
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Phoenix District Office
3300 North Central Avenue
Suite 690
Phoenix, Arizona 85012

*/s/ Medina for Rita Byrnes Kittle*
RITA BYRNES KITTLE
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Denver Field Office
303 E. 17th Avenue, #410
Denver, CO  80203

***Electronically Filed***

*/s/ Loretta Medina*
LORETTA MEDINA
Senior Trial Attorney

CHRISTINA VIGIL
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY

14

COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5230

Attorneys for Plaintiff