### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MANTANIO, INC., RJM HOPE, INC., NADER, INC., 1921 INC., NEW FEATURES, INC., EVON, INC., THREE BROTHERS MANAGEMENT, INC., FALLS RESTAURANT GROUP, INC., ADI UNSER, INC., AND ADI BROTHERS MANAGEMENT GROUP, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   11-CV-00863 KBM/WDS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CONSENT DECREE

.

### I.  RECITALS

**1.**     The United States Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC") filed this action against Defendants, Mantanio, Inc.; RJM Hope, Inc.; Nader, Inc.; 1921 Inc.; New Features Inc.; Evon, Inc.; Three Brothers Management, Inc.;  Falls Restaurant Group, Inc.; Adi Unser, Inc., and, ADI Brothers Management Group, Inc.( referred collectively hereinafter as "Defendants", or "Defendants' IHOP Restaurants", or "IHOP Restaurants" to enforce Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. §1981a.  In the Complaint, the Commission alleged that Jami Juarez and a class of female employees were

subjected to sexual harassment by former manager Lee Broadnax, including but not limited to sexual comments and innuendo and unwelcome physical touching, which created a hostile work environment for them because of their sex, female. The Commission further alleged that a class of females was forced to resign their employment because of the pervasive sexual harassment, and/or the employer's failure to provide appropriate preventative or remedial relief.

2.     The Defendants have denied that they created a hostile work environment based on gender against Jami Juarez or any other female employee.  Defendants have agreed to enter into this consent decree for the sole purpose of compromising a disputed claim and to avoid the risks and expenses of continued litigation.  This Consent Decree does not constitute a finding of liability on the part of Defendants for any allegations in the Complaint.  The entry of this Consent Decree shall not be used as evidence by EEOC that Defendants violated the provisions of Title VII of the Civil Rights Act of 1964, or any comparable law, except in enforcement of this Consent Decree.

3.     The Parties to this Decree are the Plaintiff EEOC and the Defendants Mantanio, Inc.; RJM Hope, Inc.; Nader, Inc.; 1921 Inc.; New Features Inc.; Evon, Inc.; Three Brothers Management, Inc.; and, ADI Brothers Management Group, Inc.

4.     The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendants.

5.     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6.      For the purpose of amicably resolving disputed claims, the Parties jointly request this

Court to adjudge as follows:

It is hereby **ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

7.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of

this action, and have waived the entry of findings of fact and conclusions of law.

## III.  TERM AND SCOPE

8.      **Term:**  The duration of this Decree shall be three (3) years from the date of signing by

the Court.

9.      **Scope:**  The terms of this Decree shall apply to all of Defendants' IHOP restaurants in

Sandoval and Bernallilo County, New Mexico that are owned and operated by Fahim Adi,

including (a) Mantanio, Inc., Store No. 1552, Albuquerque, New Mexico (b) RJM Hope, Store

No.1550, Albuquerque, New Mexico (c) Nader, Inc. Store No. 1553, Albuquerque, New Mexico

(d) 1921, Store No. 1921, Albuquerque, New Mexico (e) New Features, Store No. 1922,

Albuquerque, New Mexico (f) All Brothers Management Group, Store No. 3309, Albuquerque,

New Mexico and (g) Evon, Store No. 3092, Albuquerque, New Mexico.

## IV.  ISSUES RESOLVED

10.      This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a

complete resolution of all of the Commission's claims of unlawful employment practices under

Title VII  that arise from EEOC Charge of Discrimination Number 543-2007-01549, filed by

Jami Juarez.

**11.** Defendants and their officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V.  CLASS RELIEF

**12.** Judgment is hereby entered in favor of the Commission and against Defendants in the amount of $1,000,000.00 for monetary relief on behalf of the Charging Party and the class of aggrieved females identified by EEOC as individuals entitled to relief pursuant to this Decree and referred to herein as "Class Members."

**13.** Defendants will not condition the receipt of individual relief upon Charging Party Jami Juarez or the Class Members' agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive their statutory right to file a charge in the future with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendants' IHOP restaurants.  Under Title VII, allegations of discrimination must be filed within three-hundred (300) days of the alleged wrongful conduct; otherwise, the allegations are time-barred.

**14.** This consent Decree resolves all claims of the Commission against Defendants on behalf of Juarez and the class of females, including claims for back pay, front pay, compensatory and punitive damages, injunctive relief, interest, attorney's fees and costs arising out of the issues relating to this lawsuit.

**15.** EEOC retains the sole discretion to determine allocations of monetary relief to back pay and compensatory damages and to determine each Class Member's individual allocations according to the claims process described below:

**15.1    Class Distribution List**.  After notice to the Charging Party and Class Members entitled to relief under this Decree and an opportunity for appeal (as provided in ¶ 15.3 B. below), EEOC will provide Defendants, via email, a Final Class Distribution List in the form of an Excel spreadsheet, containing the following information for Charging Party and each Class Member: name, mailing address, total claim share amount allocated for back pay and for compensatory damages.

**15.2.    Releases**.  In order to receive a settlement payment pursuant to this Decree, the Charging Party and Class Members must sign a Release in the designated forms attached as Exhibit C, D and/or E, and return the signed Release to EEOC by the acceptance/appeal deadline established by EEOC, or if appealed, within ten (10) business days after final resolution of the appeal by EEOC (as provided in ¶15.3 B. below). Class Members who fail to timely return the signed Release may be deemed to have rejected the settlement amount designated for their claims and will not be entitled to receive any payment from the settlement fund.

 **15.3**.    **Appeals Process**.  A  Charging Party or Class Member may appeal the EEOC's determination of claim share amount.  Such appeals are limited to challenging the EEOC's application of the criteria set forth in Paragraph 15.3 A. below.  Charging Party and Class members may not challenge the Consent Decree or any of the terms herein.

   **A.   Criteria**.  EEOC will determine claim shares for Charging Party and Class Members based on the following criteria: (a) the Charging Party's and Class Member's age or other vulnerability factors at the time of the alleged discrimination and/or constructive discharge; (b) the nature and extent to which the Charging Party

or Class Member was subjected to a hostile work environment based on sex; (c) the severity of any sexual harassment to which the Charging Party or Class Member was subjected; (d) the length of time the Charging Party or Class Member worked in the sexually hostile environment; (e) whether the Charging Party or Class Member made efforts to complain about the hostile conditions of employment; (f) whether the Charging Party or Class Member was actually or constructively terminated; (g) the nature and extent of emotional injury to the Charging Party or Class Member; (h) the specificity and verifiability of the Charging Party or Class Member's allegations; and (i) the extent to which the Charging Party or Class Member participated in and contributed to the EEOC's litigation effort.

**B. Written Appeal to EEOC**.  A Charging Party or Class Member may appeal by delivering to EEOC's Regional Attorney Mary Jo O'Neill c/o Equal Employment Opportunity Commission, Albuquerque Area Office, 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102 or by Facsimile to (505) 248-5217, a written explanation of the basis for the appeal within the time period specified by the EEOC in the Notice(s) of Settlement provided to class members after entry of this Decree.

**C**. **Informal Resolution Process**.  EEOC will consider and attempt to resolve each appeal and may undertake any additional investigation it deems necessary to resolution.  If EEOC is able to resolve an appeal, EEOC will provide the appealing Charging Party or Class Member with a revised Release, if necessary, (Exhibit C, D and/or E), and the Charging Party or Class Member will have ten (10) business days to return a signed Release. The informal resolution process provided in this paragraph

15.3.C will not continue for longer than ninety (90) days after entry of this Consent Decree.  If there are no unresolved appeals, EEOC will provide Defendants with a Final Class Distribution List (as set forth in Para. 15.1 A. above), and will file a Notice that EEOC has provided Defendants a Final Class Distribution List.

15.4.   **Final Distribution of Class Settlement Fund**. Within ten (10) business days after receiving EEOC's Final Class Distribution List, Defendants will send payments to class members in the amounts specified, and to the addresses specified in the EEOC's Final Class Distribution List.

15.5     **Mailing of Payments.**  Within five (5) business days after payments are mailed to payees, Defendant's shall submit to EEOC a copy of the checks issued.

15. 6     **Tax Forms**.  Defendants shall issue an IRS Form W-2 for amounts designated as back pay and a form 1099 to each Charging Party and Class Member for their settlement amounts designated as compensatory damages, and mail the form(s) to the Class Member at the address provided by EEOC on the Final Class Distribution List, unless otherwise notified by EEOC of a class member address change.

15.7.   **Administrative Costs**.  Defendants shall pay all of Defendants' administrative costs for the process of distributing the settlement fund to the Charging Parties and Class Members under this Consent Decree, including, but not limited to, postage, supplies, clerical services, accounting services, and tax return preparation incurred by Defendants in performing their duties under this Consent Decree.

16.     **Copies of Checks to EEOC.** Within five (5) business days after payments are mailed to payees, Defendants shall submit to EEOC a copy of the checks issued, and any related

correspondence to the attention of Regional Attorney, Equal Employment Opportunity Commission, Albuquerque Area Office, 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102-2189.

**16.1 Non-negotiated Checks**.  In the event that any checks issued pursuant to the distribution process according to the Final Class Distribution List are not cashed/negotiated within 180 days of issuance of the check(s), the Defendants shall provide EEOC notice by 190 days of issuance of the checks of any check(s) that were not cashed.  EEOC shall have 60 days from the date of such notice to determine why the check(s) were not cashed and to provide Defendants with either an alternate mailing address to send the check(s) or to provide Defendants with an Amended Distribution List, as appropriate redistributing any remaining funds.

## VI. OTHER RELIEF

**17.**     Defendants shall expunge from Jami Juarez and each class member's personnel file (a) any and all references to the allegations of discrimination filed against Defendants that formed the basis of this action; (b) any and all references to Jami Juarez and each class member's participation in this action; and (c) any and all documents that refer, make reference to, or relate to any alleged performance deficiencies documented in Jami Juarez personnel file after Jami Juarez filed a charge of discrimination.

**18.**     Defendants shall not take any actions against any Class Member, any witness in this proceeding or any other individual in retaliation for filing a charge of employment discrimination or for participating, assisting or testifying in this action.

**19.**     Within ten (10) days after receipt of the Final Class Distribution List that will be provided to Defendant pursuant to ¶15.4, Defendants shall provide a neutral letter of reference including, a statement of the Charging Party or Class Member's dates of employment, each position held, job duties, and if applicable, a statement of the Charging Party or Class Member's eligibility for rehire, utilizing the form attached as Exhibit A.

## VII.  EQUITABLE RELIEF

### A.  Injunctive Relief

**20.**     Defendants, their officers, agents, and successors, for the duration of the Consent Decree, will not discriminate or retaliate against any employee because of his or her sex, including subjecting employees or individuals to sexual harassment.

**21.**     Defendants, their officers, agents, and successors, for the duration of the Consent Decree, shall not engage in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, or the Genetic Information Nondiscrimination Act of 2008.  Defendants shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendants; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes.  Defendants shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendants

retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

**B.  EEO Policy Review**

22.   Within sixty (60) days of the entry of this Decree, the Defendants shall review its existing EEO policies to conform with the law and revise, if necessary.

23.   The written EEO policies must include at a minimum:

23.1.   A strong and clear commitment to preventing unlawful gender discrimination, sexual harassment, and retaliation;

23.2.   A clear and complete definition of disparate treatment based on gender and retaliation;

23.3.   A statement that discrimination based on gender, sexual harassment, or retaliation is prohibited and will not be tolerated;

23.4.   A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

23.5.   The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

23.6.   A clear explanation of the steps an employee must take to report discrimination, sexual harassment, or retaliation, which must include the options of either an oral or written complaint;

23.7.   Identification of the agents or hierarchy of agents to whom employees should report (orally or in writing) any perceived discrimination, harassment or retaliation;

**23.8.**   An assurance that Defendants will investigate allegations of any activity that might be construed as unlawful discrimination, harassment, and/or retaliation, and that such investigation will be prompt, fair and reasonable, and conducted by a neutral investigator.  The Defendants' investigation must include, at a minimum, the following: (a) documentation of the complaint; (b) a finding of whether discrimination occurred; (c) a credibility assessment as appropriate; (d) interviews of all potential victims and witnesses identified, including all individual(s) alleged to have participated in or condoned the unlawful conduct; and, (e) contemporaneous notes of the investigation and conclusions; and, (f) contemporaneous notes of all corrective and remedial measures where discrimination is found;

**23.9.**   A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation;

**23.10.**   An assurance that Defendants shall not retain documents related to the investigation in any of the complainant's personnel files. These documents, instead, must be retained in a separate secure location. All disciplinary actions taken against employees for violation of Defendants' Anti-Discrimination Policy will be retained in the violator's personnel file.  In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in a separate EEO investigative file for the duration of the alleged violator's employment, or for a period of five (5) years, whichever period expires later;

**23.11.**  A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

**23.12.**  An assurance that appropriate corrective action will be taken by Defendants to discipline violators, and  to eradicate any unlawful discrimination, harassment, or retaliation in its workplaces; and

**23.13.**  An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

## C.  Training

**24.**     Defendants shall provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendants' policy and procedures for reporting alleged discrimination, including but **not** limited to sexual harassment; (b) understanding the kind of conduct which may constitute unlawful discrimination or sexual harassment; (c) the penalties of engaging in discriminatory behavior, including but not limited to sexual harassment; and, (d) Defendants' non-retaliation policy.  All training under this ¶ 24 shall be at Defendants' selection and expense.  Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing.  The training will be conducted as follows:

**24.1.  Non-managerial  Employees:**  Defendants  will  provide  non-managerial employees at least two (2), one (1) hour meetings at each of its locations annually for each year of the Decree, and provide all newly hired employees with a one (1) hour EEO training within twenty (20) days of their date of hire for the duration of the Decree.

Attendance will be mandatory for every employee on the days of such training. All of these meetings will focus on workplace conduct that constitutes sexual harassment and steps an employee may take to report discrimination, sexual harassment, or retaliation. Additionally, any individual who is charged with conducting training under this Paragraph must first be trained under ¶ 24.4 below.

**24.2. Managerial and Supervisory Employees**:   Defendants will require all individuals who work in a managerial or supervisory capacity, including all owners, directors of operations, general managers, managers, and assistant managers who have hiring authority, to receive at least one (1) hour of training regarding Title VII of the Civil Rights Act and other federal anti-discrimination laws every three (3) months for the duration of the Decree. All training sessions must directly address gender based discrimination, including but not limited to sexual harassment, proper methods of receiving, communicating, and investigating (where applicable) employee reports of discrimination, and appropriate measures to ameliorate discrimination.  Defendants shall emphasize with managerial and supervisorial employees that due to their position, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them.  Additionally, Defendants will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite one (1) hour of complaint-handling training and Title VII related training within

twenty (20) days of being hired or promoted.  The training under this § 24.2 must be provided by outside vendors, or by a designated trainer under §24.4.

**24.3.   Human Resource Employees:**  Defendants will require all individuals who work in a human resource capacity to receive at least eight (8) hours of training regarding Title VII and other federal anti-discrimination laws annually for the duration of the Decree. The training must directly address gender discrimination, including but not limited sexual harassment, and instruction in the proper methods of receiving, communicating, and investigating (where applicable) employee reports of discrimination, and appropriate steps to ameliorate discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found.  Additionally, Defendants will require employees who are newly hired or promoted into a human resource position to complete the requisite training hours of general EEO training pursuant to this §24.3 within thirty (30) days of being hired or promoted into a human resource position.  The training under this §24.3 must be provided by outside vendors.

**24.4.   Train the Trainers:**   Any manager or human-resources employee with responsibility for training other employees under ¶¶ 24.1 and 24.2 above will be provided three (3) additional hours of training on the materials to be presented and the proper techniques for teaching the materials.  The training under this ¶ 24.4 must be provided by outside vendors.

**24.5.   Training on Investigative Techniques:**  All employees with responsibility for

responding to or investigating complaints of discrimination, shall be provided three (3) additional hours of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination law. The training under this ¶ 24.5 must be provided by outside vendors.

25.     Defendants agree that the first such training session for each employee group identified in ¶ 24 above, will take place within sixty (60) days after the Court's entry of this Decree. Defendants agree that all of its personnel shall both register and attend the training sessions.

26.     The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions. Defendants shall provide the Commission with thirty (30) days notice that a training session will be conducted, or alternatively, Defendants may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient. For training conducted by outside venders, Defendants will provide the Commission with at least ten (10) days notice that a training session will be attended.

### D.  Notice Posting

27.     Within five (5) business days after the Court's entry of this Decree, Defendants shall post in each of its IHOP Restaurants, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. The Notice shall be the same type, style, and size as set

forth in Exhibit B.  The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy.  Defendants shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

### E.     *Individuals Ineligible for Rehire*

**28.**     Defendants agree that it shall never rehire Lee Broadnax at any of Defendants' restaurant facilities in New Mexico.  To assure that Lee Broadnax is never rehired by Defendants, Defendants will place a document on the top of Lee Broadnax's personnel file that reads in bold, "Not Eligible for Rehire at any facility in New Mexico."  If Defendants maintain any computerized personnel file for Lee Broadnax, such computerized file must also be annotated to reflect that he is not eligible for rehire.

### F.     *EEO Compliance as a Component of Management Evaluation*

**29.**     For each year of the Consent Decree, Defendants shall include and consider in their management evaluation process a component that considers EEO compliance.

### VIII.  Record Keeping and Reporting Provisions

**30.**     For the duration of this Consent Decree, Defendants shall maintain all records concerning implementation of this Consent Decree, including all of the following:

**30.1** Personnel files;

**30.2** Payroll records;

**30.3** Job Postings; and,

**30.4**  Complaints of sex discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, findings, and remedial steps.

**31.**  Within three (3) months of entry of this Decree, Defendants shall make their first report under the provisions of the Decree and this Paragraph.  After submission of its first report, Defendants shall provide subsequent semi-annual reports for each six-month period following the first report through entry of this Decree.

**32.**  **Reporting Requirements:**  Each report shall provide the following information:

**32.1.   Reports of Discrimination**

For purposes of this §32, the term "report of discrimination" will include any written or verbal complaint or report made to a manager or of which a manager is aware which alleges gender discrimination, harassment or retaliation, or the witnessing of such discrimination, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "sexual harassment" "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination. For example, if a female employee reports that a male employee has made an offensive sexual comment, this should be recognized as a complaint of sexual harassment and/or gender discrimination even though the employee does not use the terms "harassment" or "discrimination," and regardless of whether the complaint is made orally or in writing.

**32.1.1.** The report will include:

a.   The name, address, email address, and telephone number of each person making a report of discrimination (as defined above) to Defendants or to any federal, state, or local government agency;

b.   The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

c.   A brief summary of each report of discrimination (as defined), including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendants' investigation and response to the report, the name of the person who investigated or responded to the report, and what, if any resolution was reached; and

d.   Copies of all documents memorializing or referring to the report of discrimination (as defined), investigation, and/or resolution thereof.

**32.2.   Complaints of Retaliation**

**32.2.1.** For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint or report which alleges retaliation for activity that is protected under Title VII of the Civil Rights Act, or alleges retaliation for conduct which the Defendants recognize or should have recognized as protected activity under Title VII even if the complainant does not use legal or technical terminology.

**32.2.2.** The report shall include:

a.   The name, address, email address, and telephone number of each person

making a complaint of retaliation to Defendants or to any federal, state, or local government agency;

b.   The name, address, email address, and telephone number of each person identified as a potential witness to the incident of retaliation;

c.   A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.   Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

### 32.3.   Training

**32.3.1.** For each training program required under §24.1 and conducted during the reporting period, Defendants shall submit a registry of attendance.

**32.3.2.** For each training program required under §§ 24.2, 24.3, 24.4, and 24.5 and completed during the reporting period, Defendants shall provide a certificate of completion.

**32.3.3.** For each training program conducted by Defendants' staff, Defendants will provide the following information:  (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

**32.3.4.** For each training program conducted by an outside consultant or vendor not

affiliated with Defendants, Defendants will identify the consultant and/or vendor and provide a copy of the program agenda.

**32.4.   Posting of Notice**:  Defendants shall recertify to the Commission that the Notice required to be posted under Section VII (D) of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**32.5.   Policy Review**:  Defendants shall report on the status of the EEO policy review process required under Section VII (B), above.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**33.**   This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**34.**   There is no private right of action to enforce Defendants' obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**35.**   The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**36.**   Absent extension, this Decree shall expire by its own terms at the end of the thirty-sixth (36th) month from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

**37.**   With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts

made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI. COSTS AND ATTORNEY'S FEES

**38.**     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

**39.**     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

> Regional Attorney
> Albuquerque Area Office
> 505 Marquette Avenue, Suite 900
> Albuquerque, New Mexico 87102

> Agnes Fuentevilla Padilla
> Butt Thornton & Baehr
> 4101 Indian School Rd. NE #3005
> Albuquerque, New Mexico 87110

## XIII. SIGNATURES

**40.**     The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 8th day of November, 2012.

BY THE COURT:

*Karen B Molzen*

United States Chief Magistrate Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
         Mary Jo O'Neill

Regional Attorney

Date: _____
IHOP RESTAURANTS

Page 21

By:   _____          Date:   _____

     Corporate Representative

APPROVED AS TO FORM:

**Attorneys for Plaintiff EEOC**                **Attorney for Defendants**

_____          _____

Loretta Medina, Senior Trial Attorney          Agnes Fuentevilla Padilla

Albuquerque Area Office                          Butt Thornton & Baehr

505 Marquette Avenue N.W., Suite 900          4101 Indian School Rd. NE #3005

Albuquerque, New Mexico 87102                Albuquerque, New Mexico 87110

_____

Christina A. Vigil, Senior Trial Attorney

Albuquerque Area Office

505 Marquette Avenue N.W., Suite 900

Albuquerque, New Mexico  87102

# EXHIBIT A
## (Letters of Reference)

To Whom It May Concern:

_____ [Insert Charging Party or Class Member name] worked for  IHOP Store #_____ ("IHOP"), in Albuquerque, New Mexico in _____[Insert months/years of employment]. Ms. _____ held the position of _____ [Insert position(s) held and job duties performed] during her tenure with IHOP.  _____[Insert Name] is eligible for rehire with our restaurant. [If applicable, include Charging Party or Class Member's eligibility for rehire].  It is our policy that this is all of the information IHOP will provide about _____'s [insert name] employment with IHOP.


Sincerely,


Fahim Adi
Owner

**EXHIBIT B**
**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. Mantanio, Inc., et, al. filed in the United States District Court for the District of New Mexico, Civil Action No. 11-CV-00863 KBM/WDS. The Defendants in this matter will be referred to as "IHOP" and the Equal Employment Opportunity Commission as "EEOC."

Management of IHOP wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. IHOP seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability.  This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act, it is unlawful for an employer to discriminate based upon the gender of an applicant or employee or allow, tolerate or condone sexual harassment in the workplace.  Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

IHOP respects the right of its employees and applicants for employment to work in an environment free from discrimination.  Accordingly, IHOP reaffirms its commitment to complying with the strictures of Title VII of the Civil Rights Act in that it is our policy to prohibit all discrimination based on sex.

IHOP prohibits all forms of sex discrimination, including sexual harassment.  Prohibited sexual harassment includes, but is not limited to the following conduct:
   a.   unwelcome touching of a sexual nature;
   b.   unwelcome comments, including comments regarding intimate body parts, or clothing and discussion of sexual jokes or sexual behavior;
   c.   unwelcome requests for dates, sexual favors, or propositions;
   d.   unwelcome distribution in the workplace of cartoons, pictures of drawings of a sexual nature; and
   e.   unwelcome display of pornographic material in the workplace.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000.  In compliance with federal law, no official at IHOP will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three (3) years.

By:_____          _____

## EXHIBIT C

## CLASS MEMBER RELEASE

In consideration for $_____ paid to me by Defendants' IHOP Restaurants, in connection with the resolution of *EEOC v. Defendants, Mantanio, Inc.; RJM Hope, Inc.; Nader, Inc.; 1921 Inc.; New Features Inc.; Evon, Inc.; Three Brothers Management, Inc.; Falls Restaurant Group, Inc.; Adi Unser, Inc., and, ADI Brothers Management Group, Inc.,* Civil Action No. 1:11-cv-00863, I waive my right to recover for any claims of sex discrimination, and constructive discharge arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, that I had against Defendants, Mantanio, Inc.; RJM Hope, Inc.; Nader, Inc.; 1921 Inc.; New Features Inc.; Evon, Inc.; Three Brothers Management, Inc.;  Falls Restaurant Group, Inc.; Adi Unser, Inc., and, ADI Brothers Management Group, Inc. prior to the date of this release and that were included in the Title VII sex discrimination claims alleged in EEOC's complaint in *EEOC v. Mantanio, Inc., et al.,* Civil Action No. 1:11-cv-007863 in the United States District Court for the District of New Mexico.


Date:_____     Signature: _____

## EXHIBIT D

### RELEASE [Jami Juarez]

In consideration for $_____ paid to me by Defendants' IHOP Restaurants, in connection with the resolution of *EEOC v. Defendants, Mantanio, Inc.; RJM Hope, Inc.; Nader, Inc.; 1921 Inc.; New Features Inc.; Evon, Inc.; Three Brothers Management, Inc.; Falls Restaurant Group, Inc.; Adi Unser, Inc., and, ADI Brothers Management Group, Inc.,* Civil Action No. 1:11-cv-00863, I waive my right to recover for any claims of discrimination I made in EEOC Charge No. 543-2007-01549 arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, that I had against Defendants, Mantanio, Inc.; RJM Hope, Inc.; Nader, Inc.; 1921 Inc.; New Features Inc.; Evon, Inc.; Three Brothers Management, Inc.; Falls Restaurant Group, Inc.; Adi Unser, Inc., and, ADI Brothers Management Group, Inc. prior to the date of this release and that were included in the Title VII sex discrimination claims alleged in EEOC's complaint in *EEOC v. Mantanio, Inc., et al.,* Civil Action No. 1:11-cv-007863 in the United States District Court for the District of New Mexico.

Date:_____          Signature: _____

## EXHIBIT E

## RELEASE [Jeanne MacDonald]

In consideration for $_____ paid to me by Defendants' IHOP Restaurants, in connection with the resolution of *EEOC v. Defendants, Mantanio, Inc.; RJM Hope, Inc.; Nader, Inc.; 1921 Inc.; New Features Inc.; Evon, Inc.; Three Brothers Management, Inc.; Falls Restaurant Group, Inc.; Adi Unser, Inc., and, ADI Brothers Management Group, Inc.,* Civil Action No. 1:11-cv-00863, I waive my right to recover for any claims of discrimination I made in EEOC Charge No. 543-2012-00212 arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*; the Age Discrimination in Employment Act of 1967 (ADEA); and the Americans with Disabilities Act of 1990 (ADA) that I filed against Defendants, Mantanio, Inc.; RJM Hope, Inc.; Nader, Inc.; 1921 Inc.; New Features Inc.; Evon, Inc.; Three Brothers Management, Inc.;  Falls Restaurant Group, Inc.; Adi Unser, Inc., and, ADI Brothers Management Group, Inc. prior to the date of this release, including the Title VII sex discrimination claims which could have been alleged in EEOC's complaint in *EEOC v. Mantanio, Inc., et al.,* Civil Action No. 1:11-cv-007863 in the United States District Court for the District of New Mexico.


Date:_____   Signature: _____